# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF WILLIAM B. PALMER, II, BAR NO. 1803

No. 80699

**FILED**

JUN 24 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney William B. Palmer. Under the agreement, Palmer admitted to violating RPC 1.15 (safekeeping property). He agreed to a stayed six-month suspension and a one-year probation. He also agreed to pay restitution and the costs of the disciplinary proceedings.

Palmer has admitted to the facts and violations as part of his guilty plea agreement. The record therefore establishes that he violated RPC 1.15 by overdrawing his trust account, failing to maintain a proper trust account record with a ledger documenting all transactions for one client matter, commingling funds, and failing to safekeep a client's settlement funds by mistakenly withdrawing more than his earned fees and costs.[1]

The issue for this court is whether the agreed-upon discipline sufficiently protects the public, the courts, and the legal profession. In

---

[1]Palmer self-reported the overdraft and returned to his trust account the amount he mistakenly withdrew.

20-23473

determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Based on the duty violated, and because Palmer should have known he was dealing improperly with client funds and his conduct resulted in potential injury to his client and the profession, the baseline sanction before considering aggravating and mitigating circumstances is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.12 (Am. Bar Ass'n 2017) ("Suspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client"). The record supports the panel's findings of two aggravating circumstances (prior disciplinary offenses and substantial experience in the practice of law), and five mitigating circumstances (absence of dishonest or selfish motive, full and free disclosure to disciplinary authority/cooperative attitude, timely good faith effort to make restitution or rectify consequences of misconduct, character or reputation, and remorse). Considering the factors outlined in *Lerner*, we conclude that the recommended discipline is appropriate and serves the purpose of attorney discipline. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (recognizing that the purpose of attorney discipline is to protect the public, courts, and the legal profession, not to punish the attorney).

Accordingly, commencing from the date of this order, we hereby suspend attorney William B. Palmer from the practice of law in Nevada for

six months. The suspension will be stayed for one year subject to the conditions that Palmer (1) submit quarterly trust account reports to the State Bar showing his account and client ledgers and reconciliation with bank statements, (2) not receive any grievance for RPC 1.15 misconduct during the stayed period that results in a disciplinary screening panel recommending a formal hearing, and (3) comply with the other terms stated on page 9 of the conditional guilty plea agreement. Additionally, Palmer must pay the costs of the disciplinary proceeding, including $2,500 under SCR 120, within 30 days from the date of this order.

It is so ORDERED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:    Michael J. Warhola, LLC
Chair, Southern Nevada Disciplinary Board
Bar Counsel, State of Nevada
Executive Director, State Bar of Nevada
Admissions Office, U.S. Supreme Court